UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUTO CLUB INSURANCE ASS'N,

    Plaintiff,

Case No. 2:07-cv-14839

HONORABLE STEPHEN J. MURPHY, III

v.

HEALTH ALLIANCE PLAN,

    Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT** (docket no. 8) **AND DENYING AS MOOT
PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT** (docket no. 21)

This motion requires the Court to determine the appropriate limitations period for a suit by a Michigan no-fault insurer seeking to recover no-fault insurance payments from an ERISA health-care plan that it alleges had the primary obligation to pay on the claims. More specifically, it presents the question whether such a no-fault insurer is bound by the limitations period contained in the contract under which the ERISA plan provided coverage. For the reasons that follow, the Court answers this question in the affirmative, and therefore concludes that the claims pressed in this case are time barred.

**FACTS AND PROCEDURAL POSTURE**

There is no dispute between the parties as to the facts relevant to this motion. The plaintiff in this action is the Auto Club Insurance Association ("ACIA"), an insurer that offers, among other things, no-fault auto insurance pursuant to the laws of the State of Michigan. The defendant Health Alliance Plan ("HAP") is a health insurer. Both ACIA and HAP provided coverage for one Karen Ward, who on June 24, 2004 was injured in an automobile accident. Ms. Ward was an employee of Target Corporation, and HAP's coverage of her was provided through the Target Employee Benefit Plan, which is covered

by the federal Employee Retirement Income Security Act ("ERISA").  *See* 29 U.S.C. §1002(1).

Ms. Ward required medical treatment after the accident, and ACIA paid for her treatment pursuant to her no-fault policy.  ACIA then submitted requests for reimbursement to HAP, claiming that HAP should have been the primary payer for the relevant costs.  HAP denied the requests in February of 2005.  On October 9th, 2007, ACIA filed suit in the state circuit court for Wayne County, Michigan, seeking to recover the sums it allegedly paid out of priority.  ACIA's complaint did not specifically state the primary legal theory under which it sought to recover.[1]  But HAP noted that any provision of state law ACIA might be suing under must inevitably "relate to" HAP's employee benefit plan and therefore be preempted by ERISA, *see* 29 U.S.C. § 1144(a); as a result, HAP argued, ACIA could bring a claim only under federal law.[2]  Therefore, HAP removed the case to this Court, which has jurisdiction pursuant to 28 U.S.C. § 1331.

Presently before the Court is HAP's motion for summary judgment, which is based on ACIA's claims being barred by the relevant statute of limitations.  HAP offers two separate lines of reasoning in support of its arguments: first, it claims that a Michigan statute provides that its claim must have been brought within a year of when Ms. Ward's medical expenses were incurred, or at the most within a year of when ACIA paid for those expenses.  Second, HAP asserts that the two-year limitations period provided in the contract under which it covered Ms. Ward should be enforced here, and acts as a separate bar to ACIA's suit.  Although the Court finds analysis of the second argument to be more

---

[1] The complaint did include an apparent claim for unjust enrichment.

[2] The basis for this federal claim will be discussed shortly.

complex, the Court also ultimately it to be meritorious, and thus will grant summary judgment in favor of HAP.

## ANALYSIS

I.  Summary Judgement: The Legal Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as to a matter of law." Fed. R. Civ. P. 56(c).  Here, the parties agree as to the relevant facts, and ask the Court to adjudicate a pure question of law: which statute of limitations applies to ACIA's claims.  If the one- or two-year periods advocated by HAP apply, this suit is time barred and summary judgment in favor of HAP will be warranted.

II.  ERISA Statutes of Limitations

HAP claims that ACIA's suit is time-barred both by a Michigan statute of limitations and by the terms of HAP's contract with Ms. Ward.  ACIA attacks this conclusion by asserting that its claim is not brought on the contract and is not governed by Michigan law, but instead is an independent federal common-law action under ERISA.

ACIA is correct that its claim is under ERISA, and not state law. "ERISA contains no provision specifically according . . . a cause of action" to an insurer seeking reimbursement from an ERISA plan for allegedly out-of-priority payments. *Auto Owners Ins. Co. v. Thorn Apple Valley, Inc.*, 31 F. 3d 371, 374 (6th Cir. 1994).  But in situations like the present one, "when the ERISA preemption provision has effectively deprived a plaintiff of a state law claim," federal common law fills the gap. *Id.*  As a result, "a priority dispute arising between an ERISA plan and a no-fault policy is resolved pursuant to federal common law." *Citizens*

*Ins. Co. v. MidMichigan Health ConnectCare Network Plan*, 449 F. 3d 688, 690 (6th Cir. 2006) (citing *Thorn Apple Valley*, 31 F. 3d 371).

But the analysis above does not dispose of HAP's arguments regarding the statute of limitations. ERISA does not include a statute of limitations governing reimbursement claims like this one, and not surprisingly, since ERISA does not explicitly provide for the claims themselves. In ERISA cases when there is an "absence of a federally mandated statute of limitations, the court should apply the most analogous state law statute of limitations." *Redmon v. Sud-Chemie Inc. Retirement Plan for Union Employees*, 547 F. 3d 531, 534 (6th Cir. 2008) (quoting *Meade v. Pension Appeals & Review Comm.*, 966 F.2d 190, 194-95 (6th Cir.1992)). Here, the parties do not dispute that Michigan law will supply the relevant statute of limitations, and ACIA argues that the most analogous limitations period is the six-year period applicable to general contract actions under 600 M.C.L. § 5807(8).

The Sixth Circuit recognizes that in most suits seeking payments pursuant to an ERISA plan, "the most analogous state statute of limitations for benefits claims . . . is for breach of contract." *Redmon*, 547 F. 3d at 535. In certain cases, however, the Sixth Circuit has also applied the limitations periods applicable to other types of claims. In *Redmon*, a case that arose in Kentucky, the plaintiff was a widow who argued that the defendant retirement plan had violated ERISA when it failed to explain to the plaintiff and her husband that in electing a higher benefit rate during his lifetime, they was also signing away her right to receive continued benefits if she survived him. The court noted that the Redmon did *not* claim that defendant Sud-Chemie had violated the terms of the insurance contract; instead, she sought to recover purely for a violation of ERISA's requirements. "Thus," said the court of appeals, "her claim for benefits can be said to arise more specifically from ERISA's

4

statutory protections than from an independent contract between the Redmons and Sud-Chemie. . . . Redmon's claim for benefits is entirely derivative of her claim that Sud-Chemie failed to comply with ERISA." *Id.* at 537. As a result, instead of applying Kentucky's contract statute of limitations, the court instead applied the limitations period for "[a]n action upon a liability created by statute, when no other time is fixed by the statute creating the liability." *Id.* at 535 (citation omitted).

The question to be decided on this motion, then, is whether the six-year period provided by § 5807(8) is the most appropriate one, or whether some other period would apply to a more closely analogous action under Michigan law.

### III. Limitations Period for ACIA's Claim

HAP offers two alternative limitations provisions that it claims are more analogous to this case than Michigan's general contract statute.[3] First, it claims that a Michigan statute creates a special limitations period for claims to recover out-of-priority no-fault payments. Second, it notes that its contract of coverage provided for a shorter limitations period, and argues that this shorter period should apply.

#### A. M.C.L. § 500.3145(1)

HAP points to 500 M.C.L. § 3145(1), which provides that "[a]n action for recovery of personal protection insurance benefits" is barred unless brought within one year of the accident, or one year after the expenses are incurred, if notice is given to the insurer within a year of the injury. HAP argues that because ACIA paid personal protection insurance

---

[3] It appears that HAP argues that the limitations periods it suggests govern these cases as a matter of *Michigan* law. This is not quite on point, since the question of which statute of limitations governs a common-law ERISA action is one of federal law. But this distinction has at most only a small effect on the question that must be answered: whether the kinds of claims governed by either limitations period are more *analogous* than a contract claim to the federal claim at issue?

benefits to Ms. Ward and now seeks to recoup those amounts from HAP, this action is one "for recovery" of those benefits within the meaning of the statute, and that this limitations period is the most analogous one under Michigan law.

This reading of the statute is foreclosed by *Auto Club Ins. Ass'n v. New York Life Ins. Co.*, 440 Mich. 126 (1992). In that case ACIA was also the plaintiff, suing to recover no-fault benefits allegedly paid out of priority. The defendant was a health-and-accident insurer. The defendant presented an argument identical to the one HAP makes here, but the Michigan Supreme Court held that

> [e]ven though ACIA paid benefits pursuant to a no-fault policy, it does not follow that its present suit against NY Life is an action to recover personal protection insurance benefits payable under the no-fault act. Rather, the nature of the present suit by ACIA, as subrogee, is determined by the nature of the claim that [the insured] would have had against NY Life.

*Id.* at 135. Since a claim by the individual insured against New York Life would have been for health or accident insurance benefits, not no-fault benefits, the Michigan Supreme Court held that § 500.3145(1) did not govern ACIA's claim either.

HAP urges that *New York Life* was implicitly overruled by *Devillers v. Auto Club Ins. Co.*, 473 Mich. 562 (2005), in which the Michigan Supreme Court overruled its precedents permitting judicial tolling of § 3145(1). The Court finds this argument unmeritorious. *New York Life* held, as ACIA argues here, that § 3145(1) does not apply at all to reimbursement suits against health insurers, not that it applies but is somehow tolled. Yet *Devillers* dealt only with tolling, and did not address what kinds of claims § 3145(1) governs. It certainly cannot be read as an all-encompassing injunction to interpret the statute to bar claims whenever possible, as HAP seems to advocate.

HAP also relies on *Titan Ins. v. N. Pointe Ins.*, 270 Mich. App. 399 (2006), decided shortly after *Devillers*, for the opposite proposition. That case involved a collision between

6

an automobile and a motorcycle. The plaintiff was the motorcyclist's no-fault insurer, and it paid on the policy. *Id.* at 341. The defendant, North Pointe, was the other driver's no-fault insurer, but was not notified of the accident and thus paid nothing. Because the police report mistakenly indicated that the other driver was uninsured, Titan was unable to seek reimbursement from North Pointe until more than one year had passed after the accident. The court held that under these circumstances, Titan's claim was barred by § 3145(1).

The distinction between *Titan* and *New York Life* is obvious: in *Titan* the defendant's obligation to pay actually arose out of personal protection insurance coverage it provided. By contrast, in *New York Life* the defendant's payment obligation arose from an entirely different kind of coverage. Thus, Titan's action was "for recovery" of such benefits in a much different way than was ACIA's in *New York Life*, and there is no inconsistency between the two cases.

In the ERISA context, then, it is clear that § 3145(1) governs only actions *against* personal-protection insurers, in which a plaintiff seeks to recover sums that the insurer allegedly should have paid pursuant to a personal-protection policy. Because HAP is not a personal-protection insurer, the instant ERISA action is not analogous to those governed by § 3145(1), and as a matter of federal law its one-year limitations period does not apply.

B.  The Policy's Two-Year Limitations Period

HAP also argues that ACIA is bound by the two-year limitations period found in the HAP coverage contract.

Pargraph 9.13 of HAP's "HMO Subscriber Contract" provides that "legal action against HAP for breach of this Contract must be brought within 2 years from the date of the breach." HAP claims that ACIA should be bound by this limitation because, it says, ACIA's suit is one in the nature of a subrogee seeking to recover payments due under Ms. Ward's

7

HAP coverage. Under Michigan law, a no-fault insurer that pays out of priority in order to avoid the statutory penalties for failure to do so is "equitably subrogated" to any claims the insured may have against the primary payer, and "is entitled to invoke the doctrine of subrogation" in a suit against that insurer. *New York Life*, 440 Mich. at 132-33, 136. A subrogee, however, "acquires no greater rights than those possessed by his subrogor and the subrogated insurer is merely substituted for his insured. This is true whether subrogation is equitable or conventional . . . ." *Titan Ins. v. N. Pointe Ins.*, 270 Mich. App. 339, 343-44 (2006) (quoting *Fed. Kemper Ins. Co. v. W. Ins. Cos.*, 97 Mich. App. 204, 210 (1980). Finally, Michigan law governing insurance policies provides that ""[a]n unambiguous contractual provision providing for a shortened period of limitations is to be enforced as written unless the provision would violate law or public policy." *Rory v. Continental Ins. Co.*, 473 Mich. 457, 470 (Mich. 2005). Piecing all these rules of law together, HAP argues that ACIA should be regarded as having no greater rights as against HAP than would Ms. Ward – and as a result was obliged to bring the instant suit within the contractual two-year limitations period.

ACIA rejoins, correctly, that this suit is brought under ERISA common law rather than Michigan law, and that ACIA's status under ERISA is not precisely analogous to that of a subrogated no-fault insurer under Michigan common law. For instance, the ERISA cause of action asserted by ACIA does not require ACIA to exhaust HAP's administrative remedies before bringing suit, even though Ms. Ward would have had to do so before suing in her own right. *See Prudential Property & Casualty Ins. v. Delfield Co. Gp. Health Plan*, 187 F. 3d 637 (Table), No. 98-1493, 1999 WL 617992, at *2-3 (6th Cir. Aug. 6, 1999).

The question, however, is not whether ACIA's instant claim is *identical* to a subrogated Michigan contract claim; rather, it is whether such a subrogated claim is *most analogous*

8

to this claim. There can be little doubt that it is. ACIA's claim of entitlement to payment is entirely derivative of Ms. Ward's, and she had a claim only by virtue of her contract with HAP. In fact, if HAP was any kind of insurer other than an ERISA plan, state law would apply and ACIA would actually be an equitable subrogee. Under these circumstances, the Court agrees with ACIA that its claim is analogous to a contract claim, and more specifically concludes that although ACIA is not technically a subrogee in this ERISA action, its claim is nonetheless highly analogous to a Michigan contract claim by a subrogee.

The question then becomes whether the Court should "borrow" this contractual limitations period for purposes of the instant ERISA action. It is clear that when a plaintiff brings suit on his own insurance contract under an ERISA provision that has no statute of limitations of its own, a provision in the contract modifying the limitations period will apply to the ERISA action if it would be enforceable under state law. *Santino v. Provident Life and Accident Ins. Co.*, 276 F. 3d 772, 776 (6th Cir. 2001). But this does not directly address whether such a limitations period applies in an ERISA action where the plaintiff is not a party to the policy, but is in a position similar to that of an equitable subrogee under state law. Neither side has pointed to any authority directly dealing with this question, and the Court has found none. For the reasons that follow, the Court concludes that the contractual limitations period should apply in an action such as this one.

The Court has agreed with ACIA that its ERISA claim here is analogous to a state law contract claim, and thus that its statute of limitations should be borrowed from the laws of Michigan that govern such claims. But having started down the road of analogizing this case to a Michigan contract claim, the Court will not stop halfway, as ACIA requests. If the limitations period is to be determined by analogy to Michigan contract law, then it must be determined with reference to the rules of Michigan law that are most analogous to *this*

9

claim, brought with respect to *this* contract.  That is to say, "the most analogous state-law statute of limitations," *Redmon,* 547 F. 3d at 534, that this Court will borrow for an ERISA suit, is in this case not the one that would govern a generic contract action, but the one that would govern an action by an equitable subrogee on a contract that includes a two-year limitations period for suits for breach.[4]

In this context, the Court can discern no sound reason why federal law should "borrow" Michigan's general statute of limitations with regard to contracts, but *not* borrow the complementary rules of Michigan law that bind equitable subrogees to any contractual modifications made to this statutory period.  As a result, when an ERISA suit most resembles a suit by an equitable subrogee under Michigan law, any such contractual modifications will bind the ERISA plaintiff.

The result of the foregoing in this case is clear.  The only evidence of any wrongful failure to pay by HAP was its denial of ACIA's requests for reimbursement in February of 2005.  In light of the contractual provision requiring that any suit for breach be brought within two years of the breach, ACIA's filing of the complaint in this case on October 9th, 2007 was untimely.  Accordingly, its claims are barred, and summary judgment in favor of HAP is appropriate.

## ORDER

---

[4] The Court makes clear it recognizes that ACIA is not technically an equitable subrogee in this federal common-law ERISA claim.  But this is certainly no bar to finding the Michigan statute of limitations for such cases to be most analogous here.  Indeed, ACIA itself advocates borrowing the statute of limitations governing contracts, despite the fact that it is neither a party to nor a third-party beneficiary of the insurance contract between HAP and Ms. Ward, and thus cannot technically bring suit under the contract.

**WHEREFORE**, it is hereby **ORDERED** that defendant's motion for summary judgment is **GRANTED**, and plaintiff's cross motion for summary judgment is **DENIED AS MOOT**.  Judgment will be entered on behalf of defendant.

                                        s/Stephen J. Murphy, III
                                        Stephen J. Murphy, III
                                        United States District Judge

Dated: January 29, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 29, 2009, by electronic and/or ordinary mail.

                                        Alissa Greer
                                        Case Manager